[908 NYS2d 435]

In the Matter of KOSTON HUI FENG (Admitted as KOSTON F. PELLY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 28, 2010

[redacted]

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

*McDonough and McDonough*, Westbury (*Chris McDonough* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing four charges of professional misconduct. After a preliminary conference on August 24, 2009, and a hearing conducted on December 2, 2009, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response and does not oppose the motion, but he argues that the appropriate sanction is a public censure.

Charge one alleges that the respondent engaged in a pattern of converting funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

During the relevant time period, the respondent maintained an attorney escrow account, identified as "Coston [*sic*] Hui Feng Attorney IOLA Account" (hereinafter IOLA account), at North Fork Bank, also known as Capital One Bank.

On or about October 1, 2007, the respondent deposited the sum of $19,000 into his IOLA account, representing a down payment in a real estate transaction in which he represented Alice Chen. From that date until January 22, 2008, the respondent was required to maintain the $19,000 in his IOLA account. On or about October 2, 2007, the respondent deposited the sum of $47,277 into his IOLA account, representing a down payment in a real estate transaction in which he represented Cheng C. Chuo. From that date until December 17, 2007, the respondent was required to maintain the $47,277 in his IOLA account.

While he was required to maintain an aggregate of $66,277 for the Chen and Chuo transactions from October 2 through December 17, 2007, the balance in the respondent's IOLA account by October 10, 2007, had been depleted to the sum of $27,848.07.

On or about October 27, 2007, the respondent deposited the sum of $45,000 into his IOLA account, representing the down payment in a real estate transaction in which he represented Nghi Ngo. From that date until he returned the down payment on or about December 12, 2007, the respondent was required to maintain the $45,000 in his IOLA account. However, by November 2, 2007, the balance in the respondent's IOLA account had been depleted to the sum of $25,628.07.

On or about November 6, 2007, the respondent deposited the sum of $23,500 into his IOLA account, representing a down payment in a real estate transaction in which he represented Ketong Chu. From that date until the closing on or about February 25, 2008, the respondent was required to maintain the $23,500 in his IOLA account. However, by November 9, 2007, the balance in the respondent's IOLA account had been depleted to the sum of $4,271.14.

On or about November 28, 2007, the respondent deposited the sum of $19,000 into this IOLA account, representing a down payment in a real estate transaction in which he represented Kit To Fung. From that date until the closing on or about January 16, 2008, the respondent was required to maintain the $19,000 in his IOLA account. However, by December 8, 2007, the balance in the respondent's IOLA account had been depleted to the sum of $4,014.14.

On or about December 17, 2007, the respondent deposited the sum of $18,800 into his IOLA account, representing a down payment in a real estate transaction in which he represented Ava Hsu. From that date until the closing on or about March 4, 2008, the respondent was required to maintain the $18,800 in his IOLA account. However, by December 28, 2007, the balance in the respondent's IOLA account had been depleted to the sum of $1,785.24.

On or about December 28, 2007, the respondent deposited the sum of $27,000 into his IOLA account, representing a down payment in a real estate transaction in which he represented Hsaio Ling Chen. From that date until the closing on or about February 21, 2008, the respondent was required to maintain the $27,000 in his IOLA account. However, by December 28, 2007,

the balance in the respondent's IOLA account had been depleted to the sum of $1,785.24.

Charge two alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In addition to the respondent's IOLA account, he maintained a small business prime money market account, identified as "Hui Feng DBA Koston Hui Feng Esq." (hereinafter money market account), a nonescrow account, at North Fork Bank, also known as Capital One Bank. From in or about September 2007 to in or about March 2008, the respondent routinely transferred funds entrusted to him as a fiduciary, incident to his practice of law, from his IOLA account into his money market account.

Charge three alleges that the respondent used his attorney escrow account for purposes unrelated to his practice of law. From in or about September 2007 to in or about March 2008, the respondent used his IOLA account for the benefit of his family member's personal investment activities. During the same period, he paid business expenses from funds in his IOLA account.

Charge four alleges that the respondent failed to maintain the required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]), inasmuch as he failed to maintain a contemporaneous ledger book or similar record for his IOLA account showing the source of all funds deposited therein, the name of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced, the Special Referee properly sustained all four charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history.

In mitigation, the respondent testified that he came to the United States for college and that English was not his first language. Upon graduating from law school, he embarked on a career in corporate law and finance. In 2005, he left corporate law and opened a neighborhood law office, handling immigration and real estate matters. He admitted that he was unfamil-

iar with the rules governing escrow accounts. He opened three accounts: a checking account, an escrow account, and a money market account, all linked. The respondent testified that he did not realize at the time that transferring escrow funds back and forth between accounts was improper.

When apprised by the Grievance Committee that his escrow practices were improper, the respondent immediately ceased such practices. He was remorseful and candid throughout the Grievance Committee's investigation.

Notwithstanding the mitigation proffered, the respondent is held to the knowledge of the rules governing attorney escrow accounts. His misguided attempts to safeguard his clients' funds violated the rules governing attorney escrow accounts, and as such, constitute professional misconduct.

Under the circumstances of this case, the respondent is suspended from the practice of law for a period of six months. Further, the respondent is directed to make restitution to the New York State IOLA Fund of the interest generated by depositing fiduciary funds into his money market account.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Koston Hui Feng, admitted as Koston F. Pelly, is suspended from the practice of law for a period of six months, commencing October 29, 2010, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Koston Hui Feng, admitted as Koston F. Pelly, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court,

the respondent, Koston Hui Feng, admitted as Koston F. Pelly, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent, Koston Hui Feng, admitted as Koston F. Pelly, is directed to make restitution to the New York State IOLA Fund of the interest generated by depositing fiduciary funds into his money market account; and it is further,

Ordered that if the respondent, Koston Hui Feng, admitted as Koston F. Pelly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).