[924 NYS2d 148]

In the Matter of Cory J. Covert (Admitted as Cory John Co-vert), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, May 31, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Robert A. Ungar, P.C.*, Garden City (*Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated March 30, 2010 which contains five charges of professional misconduct. After a preliminary conference on May 14, 2010 and a hearing on June 25, 2010, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has also submitted a motion to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper.

Charge one alleges that the respondent violated his fiduciary obligations by failing to preserve escrow funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an attorney trust account at Chase Bank which he used incident to the practice of law and into which he deposited client funds.

In or about March 2006, Christian Mirabella and Jeannette Mirabella (hereinafter together the Mirabellas) retained the respondent to represent them in the purchase of a new residence in St. James, New York. In order to secure funds to consummate the purchase, the Mirabellas, on or about June 12, 2006, undertook to refinance the mortgage on their current residence by applying for a $310,000 mortgage loan and a $98,000 home equity loan from Chase Bank. The respondent represented the Mirabellas at the closing of their refinance transaction on or about July 11 and July 12, 2006. In connection with the refinance, Chase's closing attorney issued a check for $187,863.90, payable to the respondent as attorney.

On or about July 19, 2006, the Mirabellas entrusted the respondent with that check, as well as $48,483 in cash and other checks, for the total of $236,346.90 to be used towards the purchase transaction. On or about July 19, 2006, the respondent deposited the Mirabellas' $236,346.90 into his IOLA account. The Mirabellas did not give the respondent any other funds to be placed in escrow.

On or about August 9, 2006, the respondent represented the Mirabellas at the closing of the purchase transaction. At the closing, he drew five checks against the IOLA account, totaling $230,732.16, to disburse funds he was holding for the Mirabellas in accordance with the requirements of the transaction. At the conclusion of the closing, the respondent drew and delivered a sixth check for $99,656.66, payable to Christian Mirabella. By disbursing funds totaling $330,388.82 against the IOLA account when he was only holding $236,346.90 on account, the respondent overdisbursed the account by $94,041.92. All checks presented by the respondent in connection with the purchase transaction were honored when presented for payment between August 10 and August 14, 2006. The overdisbursement was paid against funds being held on behalf of at least two other clients' funds on deposit in the IOLA account at the time. Accordingly, the respondent failed to preserve funds entrusted to him as a fiduciary.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by submitting a false statement to the Grievance Committee in its investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On or about November 30, 2006, a check drawn by the respondent against the IOLA account, which was unrelated to the three matters for which he held funds, was dishonored when presented for payment due to insufficient funds. Upon learning that the check was dishonored, the respondent discovered the mistake he had made months earlier at the purchase transaction.

On or about December 4 and December 5, 2006, the respondent deposited into the IOLA account $50,000 and $25,000 in personal funds, respectively, to partially replenish the deficiency and prevent additional checks from being dishonored.

In a letter dated January 24, 2007, the Grievance Committee advised the respondent that he was the subject of a sua sponte complaint and investigation based upon notification from the

Lawyers' Fund for Client Protection, dated December 29, 2006, of the dishonored check. The respondent was asked to provide, within 20 days, an explanation of the facts surrounding the execution of that check and the state of the subject account.

The respondent submitted a sua sponte answer in May 2007. In that answer, the respondent did not disclose the deficiency in the IOLA account due to the mistake he made in the Mirabellas' purchase transaction in August 2006. The respondent also did not disclose to the Grievance Committee that on or about December 4 and December 5, 2006, he had deposited $75,000 in personal funds to partially replenish the account or that as of the date of his answer, the IOLA account was still deficient by approximately $19,041.92, the difference between the $94,041.92 deficiency caused by his mistake and the $75,000 in personal funds he deposited.

In his answer, the respondent represented that the check was dishonored because in November 2006, in an unidentified transaction, he had issued a check without waiting a sufficient time for the corresponding deposit to clear and to become available for disbursement.

The explanation the respondent provided for the dishonored check was false and misleading in that he knew that the actual cause of the deficiency was the mistake he had made in the purchase transaction.

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice by submitting a false statement to the Grievance Committee in its investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charges one and two.

Charge four alleges that the respondent violated his fiduciary duty by failing to maintain required bank and bookkeeping records for the IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2) and (9) (22 NYCRR 1200.46 [d] [1], [2], [9]).

At all relevant times, the respondent failed to maintain a record of all deposits into and withdrawals from the IOLA account specifically identifying the date, source, and description of each item deposited, as well as the payee and purpose of each withdrawal or disbursement from the IOLA account. The respondent also failed to maintain a record showing the source of all deposits, the names of persons for whom the funds were held,

the amount of such funds, the description and amounts, and the names of all persons to whom funds were disbursed. Moreover, the respondent failed to make accurate entries of all financial transactions in the IOLA account in a ledger book or similar record kept by him in the regular course of his practice, at or near the time of the act, condition, or event recorded.

Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by engaging in any of the foregoing misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all five charges. Accordingly, both the Grievance Committee's motion to confirm the Special Referee's report and the respondent's motion to confirm are granted.

In mitigation, the respondent offered his medical condition of attention deficit disorder, which he shares with two of his children and which hampers his ability to focus on bookkeeping and financial details. A heart condition and recurrent atrial fibrillation preclude him from taking medication for that disorder. Upon becoming aware of the Mirabella error, the respondent hired a certified public accountant to conduct an audit of his accounts. The accountant set up a new accounting system which has been put in place.

The Grievance Committee notes that except for his initially misleading explanation for the dishonored check, the respondent has been cooperative and contrite. The Grievance Committee further notes that the respondent did not personally benefit from this matter and took prompt, albeit awkward, steps to rectify the mistake.

The respondent's disciplinary history consists of a letter of caution issued on February 24, 2006.

In view of the mitigating evidence advanced and the fact that the respondent was the sole person injured by his error, we find that the respondent's professional misconduct warrants a suspension from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ENG, JJ., concur.

Ordered that the petitioner's motion to confirm and the respondent's motion to confirm the Special Referee's report are granted; and it is further,

Ordered that the respondent, Cory J. Covert, admitted as Cory John Covert, is suspended from the practice of law for a

period of six months, commencing June 30, 2011, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of said period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Cory J. Covert, admitted as Cory John Covert, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this court, the respondent, Cory J. Covert, admitted as Cory John Covert, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Cory J. Covert, admitted as Cory John Covert, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).