[938 NYS2d 589]

In the Matter of Kevin J. Gilvary (Admitted as Kevin James Gilvary), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 14, 2012

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Long, Tuminello, Besso, Seligman, Werner & Sullivan*, Bay Shore (*David Besso* and *Michelle Aulivola* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated July 12, 2010, containing two charges of professional misconduct. The respondent served a verified answer dated January 4, 2011, in which he admitted essentially all of the factual allegations contained in the petition and asserted 21 affirmative defenses.

Following a prehearing conference on March 7, 2011, a hearing was held on April 29, 2011. The Special Referee thereafter sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the report of the Special Referee and/or limit the sanction imposed, if any, so as not to preclude the respondent from continuing with the practice of law.

The charges emanate from a common set of facts, as follows:

By order dated January 22, 2007, the Supreme Court, Suffolk County (Sgroi, J.), appointed the respondent to represent Maria Murray (hereinafter Ms. Murray) in a hearing to determine whether Ms. Murray was incapacitated.

In or about May 2007, the Supreme Court appointed Marina M. Martielli (hereinafter Ms. Martielli) as guardian for Ms.

Murray. Subsequently, Ms. Martielli moved to be relieved of her appointment as guardian for Ms. Murray.

By order dated April 21, 2008, the Supreme Court granted Ms. Martielli's motion and appointed the respondent as interim guardian for Ms. Murray. The order dated April 21, 2008, conditioned the appointment upon the respondent filing with the Supreme Court an oath and designation of the clerk (hereinafter designation of the clerk), as required by section 81.26 of the Mental Hygiene Law, and a bond in the amount of $300,000. The order dated April 21, 2008, further directed the respondent to submit the designation of the clerk, and a proposed commission of guardian, within 15 days from the date of the order. The order dated April 21, 2008, specifically noted, in bold typeface: "THE GUARDIAN SHALL NOT BE PERMITTED TO ACCESS FUNDS PURSUANT TO THIS ORDER WITHOUT THE ISSUANCE BY THE CLERK OF THE COURT OF A COMMISSION PERMITTING THE GUARDIAN TO MARSHAL ASSETS OR INCOME."

On or about May 8, 2008, Ms. Martielli, the outgoing guardian for Ms. Murray, turned over her entire file concerning Ms. Murray to the respondent, including the bank records and checkbook for the guardian account she had opened at Chase Bank in Hampton Bays (hereinafter the guardian account).

On or about May 22, 2008, the respondent filed with the court a designation of the clerk and a proposed commission to guardian, to be signed by the Clerk of the Court. The respondent did not file a $300,000 bond with the Supreme Court, as required by the order dated April 21, 2008.

The Clerk of the Court did not issue a commission to guardian to the respondent, as the respondent failed to file a $300,000 bond in accordance with the order dated April 21, 2008. Chase Bank would not grant the respondent access to the guardian account, or permit him to open a new guardian account, without a commission to guardian.

On or about May 23, 2008, the respondent was contacted by Ms. Murray's caretaker/housekeeper, Esther Harris, who informed the respondent that she had not been paid for her services, would not return to work until she was paid, and did not have money to buy groceries for Ms. Murray.

On or about May 23, 2008, the respondent was not a signatory of the guardian account opened by Ms. Martielli. At or about that time, the respondent issued check No. 558 to Esther

Harris from the guardian account, in the amount of $500, by signing Ms. Martielli's name on the check. The respondent did so without the knowledge or permission of Ms. Martielli or the Supreme Court. Check No. 558 was presented for payment, and cleared the guardian account, on or about May 27, 2008.

On or about June 16, 2008, the respondent issued two more checks to Esther Harris from the guardian account—check No. 559 in the amount of $320 and check No. 560 in the amount of $100—by signing Ms. Martielli's name on both checks. The respondent did so without the knowledge or permission of Ms. Martielli or the Supreme Court. Check Nos. 559 and 560 were presented for payment, and cleared the guardian account, on or about June 18, 2008.

On or about July 2, 2008, the respondent issued check No. 561 to Esther Harris from the guardian account, in the amount of $350, by signing his own name, followed by the words "for [M. Murray]." The respondent did so without the knowledge or permission of Ms. Martielli or the court. Check No. 561 was presented for payment, and cleared the guardian account, on or about July 7, 2008.

On or about July 11, 2008, the respondent issued check No. 562 to "cash" from the guardian account, in the amount of $400, by signing his name as payor. The respondent did so without the knowledge or permission of Ms. Martielli or the Supreme Court. Check No. 562, which the respondent endorsed with his signature on the back, followed by the words "For Deposit," was presented for payment and cleared the guardian account on or about July 17, 2008. According to the respondent, he issued check No. 562 to reimburse himself for monies he advanced to Esther Harris for Ms. Murray's benefit.

Although all checks issued by the respondent cleared the guardian account when presented for payment, the guardian account was charged $96 in "Insufficient Funds Fee[s]" in July 2008.

On or about August 26, 2008, Chase Bank permitted the respondent to open a new guardian account for Ms. Murray, which account identified the respondent as "Guardian."

In or about September 2008, Ms. Martielli became aware, and made the Supreme Court aware, that the respondent had signed her name as payor on checks he issued from the original guardian account. The respondent had not previously alerted the Supreme Court to the problems encountered by his inability to obtain his commission to guardian.

Following a conference on October 6, 2008, the court issued an order dated October 10, 2008, in which the respondent was granted a commission to guardian while he sought to obtain a $300,000 bond. The respondent was unable to obtain a $300,000 bond and, by order dated November 4, 2009, was relieved of his appointment as guardian to Ms. Murray.

Charge one alleges that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge two alleges that the respondent is guilty of conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained charges one and two. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion, inter alia, to disaffirm is granted only to the extent that it seeks to limit the sanction imposed.

In determining an appropriate measure of discipline to impose, the Special Referee noted that the respondent was fully compliant and cooperative with the Grievance Committee. In addition, we note the evidence presented of the respondent's good character; the fact that the respondent's transgression is not likely to be repeated; the respondent's remorse; the fact that the respondent was experiencing personal, family, and professional problems during the period in question; and the fact that no party was injured.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and the cross motion, inter alia, to disaffirm is granted only to the extent that it seeks to limit the sanction imposed; and it is further,

Ordered that the respondent, Kevin J. Gilvary, admitted as Kevin James Gilvary, is censured for his professional misconduct.