[992 NYS2d 544]

In the Matter of THOMAS PETER TEDESCHI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 17, 2014

18

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Martin Molinari Coward & Comrie LLP*, Freeport (*Nicole J. Coward* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated October 16, 2012, which contained one charge of professional misconduct, and subsequently served him with a verified amended petition dated July 1, 2013, which included additional factual allegations with respect to charge one. After a hearing conducted on September 4, 2013, the Special Referee issued a report in which he sustained charge one, as amended. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline as this Court deems appropriate. The respondent cross-moves to disaffirm the report in part.

Charge one, as amended, alleges that the respondent misappropriated funds belonging to other persons or entities, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a), as follows:

### The Cohn Trust Sale

The respondent represented the Claire Cohn Personal Residence Trust in connection with the sale of certain real property in East Williston to Lance Antony (hereinafter the Cohn Trust sale). On or about August 25, 2011, the respondent received a down payment in connection with the Cohn Trust sale in the amount of $30,000, which he was to hold in escrow until the closing or earlier termination of the contract. At the time, the respondent did not maintain a special account for his law practice. He deposited the down payment into an account he maintained as the executor of his father's estate (hereinafter the estate account). Approximately one week later, the respondent withdrew the down payment funds from the estate account and deposited them into an account he maintained in his name at Astoria Federal Savings Bank.

On or about November 4, 2011, the respondent opened an IOLA account at Chase Bank (hereinafter the IOLA account)

and deposited $28,000 therein, representing the Cohn Trust sale down payment. The respondent withheld $2,000 from the transfer for his legal fee in connection with that sale. At the time the respondent retained his fee, the closing had not yet occurred, and he had not obtained the purchaser's permission to remove his fee from the escrowed funds.

### The Taylor Avenue Sale

In or about November 2011, the respondent represented Gold Star Equities, Inc. (hereinafter Gold Star), in connection with the sale of certain real property in the Bronx to Global Realty Group, Inc. (hereinafter the Taylor Avenue sale). Pursuant to the contract of sale, the respondent received a down payment in the amount of $50,000, which he was to hold in escrow until the closing or earlier termination of the contract. On November 14, 2011, the respondent deposited that down payment into his IOLA account, and, on that same day, before those funds were available for disbursement, issued a check to Gold Star, drawn on his IOLA account, in the amount of $2,000. The check to Gold Star cleared the respondent's IOLA account on the same day it was issued. It cleared, in part, against the funds being held in connection with the Cohn Trust sale, an unrelated matter. On November 25, 2011, the respondent made an additional disbursement of the Taylor Avenue sale down payment to Gold Star in the amount of $28,000. At the time the respondent made the aforementioned disbursements, the closing for the Taylor Avenue sale had not yet occurred, and the respondent had not obtained the purchaser's permission to make disbursements from the escrowed funds.

### The Colden Avenue Sale

In or about November 2011, the respondent represented Lenart Realty Corp. (hereinafter Lenart) in connection with the sale of certain real property in the Bronx to Global Realty Group, Inc. (hereinafter the Colden Avenue sale). Pursuant to the contract of sale, the respondent received a down payment in the amount of $50,000, which he was to hold in escrow until the closing or earlier termination of the contract. On November 14, 2011, the respondent deposited that down payment into his IOLA account and, on that same day, before those funds were available for disbursement, issued a check to Lenart drawn on his IOLA account, in the amount of $6,000. The check to Lenart cleared the respondent's IOLA account on the same day it was

issued. It cleared, in part, against funds being held in connection with the Cohn Trust sale, an unrelated matter. At the time the respondent made the disbursement to Lenart, the closing for the Colden Avenue sale had not yet occurred, and the respondent had not obtained the purchaser's permission to make a disbursement from the escrowed funds.

In view of the respondent's admissions and the evidence adduced, we conclude that the Special Referee properly sustained charge one, as amended. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report, and impose discipline, is granted. The respondent's cross motion to disaffirm the report in part is denied.

In determining an appropriate measure of discipline to impose, this Court has considered the mitigating evidence propounded, including the respondent's expression of sincere remorse, his unblemished record, his full cooperation with the Grievance Committee in its investigation, and the absence of pecuniary loss to any party.

Notwithstanding the mitigating evidence, the respondent's release of escrowed funds prior to the closing in each of the aforementioned transactions, without the consent of both parties to the transactions, demonstrates his failure to honor his obligations as a fiduciary, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). Although the respondent may not have fully understood his fiduciary obligations, he is "held to the knowledge of the rules governing attorney [special] accounts" (*Matter of Koston Hui Feng*, 78 AD3d 123, 127 [2010]). Furthermore, despite his claims to the contrary, we find that the respondent received a "direct benefit" from his conduct, inasmuch as his fee with respect to the Cohn Trust sale was paid in advance of the closing. Moreover, inasmuch as the respondent's wife, Denise Tedeschi, and his sister-in-law, Marilyn Davis, are principals of both Gold Star and Lenart, the sellers in the Taylor Avenue and Colden Avenue sales, respectively, the respondent's partial release of escrowed funds in connection with those sales inured to the benefit of members of his family.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, and impose discipline, is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report in part is denied; and it is further,

Ordered that the respondent, Thomas Peter Tedeschi, is suspended from the practice of law for a period of one year, commencing October 17, 2014 and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 17, 2015. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements (22 NYCRR 691.11 [c] [3]), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension, and until the further order of this Court, the respondent, Thomas Peter Tedeschi, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas Peter Tedeschi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).