[23 NYS3d 331]

In the Matter of IRA S. LEVINE (Admitted as IRA LEVINE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 20, 2016

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

*Michael A. Gentile*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition, dated March 28, 2014, containing three charges of professional misconduct. After a preliminary conference held on October 29, 2014, and a hearing conducted on March 13, 2015, the Special Referee sustained all charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, by counsel, cross-moves to disaffirm in part the report of the Special Referee insofar as it sustains charges one and two, and to confirm in part the report to the extent that it sustains charge three. In the event that this Court decides to impose discipline, the respondent's counsel requests such discipline be limited to a private reprimand, an admonition, or at most, a public censure.

Charge one of the verified petition alleges that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

On November 17, 2011, the respondent deposited a down payment in the amount of $280,000 into his attorney escrow account maintained at Citibank, N.A., account No. xxxxxx8476 (hereinafter the escrow account), on behalf of his clients Martin and Nelson Schmuckler, who were selling properties located at 284, 286 and 288 Atlantic Avenue in Brooklyn. Before the February 27, 2012 closing of the Schmuckler properties, the respondent withdrew $10,000 from the escrow account as a partial legal fee in the Schmuckler matter by check Nos. 2069 and 2087, dated November 17, 2011 and December 7, 2011, respectively, each in the amount of $5,000.

While entrusted with the Schmuckler down payment, between November 17, 2011 and February 27, 2012, the balance in the respondent's escrow account fell below $280,000 as follows:

| Date | Account Balance |
|------|-----------------|
| 2/6/12 | $ 275,025.52 |
| 2/9/12 | $ 277,039.32 |
| 2/10/12 | $ 263,038.72 |
| 2/13/12 | $ 245,756.97 |
| 2/16/12 | $ 245,521.07 |
| 2/24/12 | $ 195,521.07 |

Charge two alleges that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

On November 21, 2011, the respondent deposited a down payment in the sum of $198,500 into his escrow account on behalf of clients Nydia Velazquez and Paul Bader, who were selling property located at 84 Woodhull Street in Brooklyn.

The closing of the Velazquez/Bader property occurred on February 23, 2012. Between November 21, 2011 and February 16, 2012, while entrusted with the Schmuckler and the Velazquez/Bader down payments, the balance in the respondent's escrow account fell below the $478,500 he was required to be holding on 22 separate dates. As reflected on the escrow account's bank statement, the balance on February 16, 2012 was $245,521.07.

Charge three alleges that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain a contemporaneous ledger or similar record showing the date, source, and description of each item deposited, and the date, payee, and purpose for each withdrawal or disbursement.

In seeking to disaffirm charges one and two, the respondent's counsel contends that there has been no misappropriation as there is no evidence of fraud, scienter, client detriment, or intent to permanently misappropriate client money. Nevertheless, "[it] is well-settled that a conversion of funds occurs when the balance in an escrow account falls below the client's interest therein" (*Matter of DiPietro*, 42 AD3d 44, 48 [2007]). Here, the respondent's withdrawal of $10,000, as fees, during the pendency of the Schmuckler real estate transaction

resulted in the misappropriation of funds entrusted to him as a fiduciary by both parties to that transaction. Moreover, between November 21, 2011 and February 16, 2012, the balance in the respondent's escrow account fell below the $478,500 he was required to be holding on 22 separate dates. This evidence established the misappropriation as charged.

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted. The respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee as to charge three, and is otherwise denied.

In determining an appropriate sanction to impose, we conclude that the respondent has engaged in serious misconduct by misappropriating client funds. Notwithstanding the respondent's request to limit the sanction to a private reprimand, an admonition, or at most a public censure, comparable cases from this Court have warranted a period of suspension (*see Matter of Tedeschi*, 123 AD3d 17 [2014]; *Matter of Covert*, 86 AD3d 137 [2011]; *Matter of Byers*, 66 AD3d 155 [2009]). Here, we have given great weight to the evidence in mitigation including: the respondent's expression of sincere remorse, his unblemished record in a career spanning some 49 years, his full cooperation with the Grievance Committee in its investigation, the remedial measures undertaken to comply with the mandated record keeping requirements, and the substantial evidence presented in support of his character. Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.

ENG, P.J., RIVERA, DILLON, BALKIN and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm in part and confirm in part the Special Referee's report is granted to the extent that it seeks to confirm the report of the Special Referee as to charge three, and is otherwise denied; and it is further,

Ordered that the respondent, Ira S. Levine, admitted as Ira Levine, is suspended from the practice of law for a period of six months, commencing February 19, 2016, and continuing until

further order of this Court. The respondent shall not apply for reinstatement earlier than July 19, 2016. In such application, the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Ira S. Levine, admitted as Ira Levine, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ira S. Levine, admitted as Ira Levine, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).