Matter of Gilvary (2019 NY Slip Op 07256)





Matter of Gilvary


2019 NY Slip Op 07256


Decided on October 9, 2019


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-04418

[*1]In the Matter of Kevin James Gilvary, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kevin James Gilvary, respondent. (Attorney Registration No. 2537819)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 19, 1993. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition dated March 22, 2018, and a verified petition dated March 20, 2018, and the respondent served and filed a verified answer dated April 13, 2018. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated May 1, 2018, pursuant to 22 NYCRR 1240.8(a)(2), and the respondent filed a response dated May 16, 2018. By decision and order on application of this Court dated June 13, 2018, the matter was referred to the Honorable Georgia Tschiember, as Special Referee, to hear and report.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Long Tuminello LLP, Bay Shore, NY (David Besso and Michelle Aulivola of counsel), for respondent.



PER CURIAM


OPINION & ORDER
. The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 20, 2018, containing four charges of professional misconduct. After a prehearing conference on July 25, 2018, and a hearing on August 28, 2018, and September 12, 2018, the Special Referee issued a report, which failed to sustain all four charges. The Grievance Committee now moves to disaffirm the Special Referee's report, and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the report of the Special Referee, dismiss the matter in its entirety, and in the event that the Court declines to grant the cross motion, to impose a sanction no more severe than a public censure. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly failed to sustain charge three, but improperly failed to sustain charges one, two, and four, and those charges are sustained.
Charge one alleges that the respondent commingled funds entrusted to him as a fiduciary with his own funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows: In or about March 2008, the respondent provided legal assistance to Theresa [*2]A. Schneider in connection with her negotiation of a lease with Coruscant LLC for office space for a start-up school. In or about the end of March 2008, the respondent assisted Schneider with the actual execution of the lease, which took place in the respondent's office in Hampton Bays.
Thereafter, Schneider requested the respondent's assistance in obtaining a loan from Schneider's father, John Gannon, to help finance the start-up school. By letter dated May 22, 2008, from the respondent to Gannon, the respondent, on behalf of Schneider, requested a loan of $40,000 from Gannon for the business venture. In the letter the respondent assured Gannon that the respondent would "use my attorney escrow account for the purpose of distributing and monitoring this money. I am the only person with access to this account, and I will have full control over the funds." The letter provided Gannon with the name of the bank where the respondent's escrow account was located, Capital One Bank, with the account number ending in 0965, and the routing number ending in 912.
The respondent received a check issued by Gannon, dated May 30, 2008, payable to "Theresa Schneider," in the amount of $25,000. The memo portion of the check listed the respondent's escrow account number and the notation "Loan pay in full by 6-10-2013." Schneider endorsed the check, and the respondent deposited it into his operating account titled "Kevin Gilvary Attorney At Law," account number ending in 3613, maintained at Capital One Bank on June 2, 2008.
Charge two alleges that the respondent failed to maintain funds belonging to another person incident to his practice of law in a special account or accounts, separate from any of his business or personal accounts, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(b)(1) of the Code of Professional Responsibility (22 NYCRR 1200.46[b][1]), based on the factual specifications alleged in charge one.
Charge four alleges that the respondent breached his fiduciary duty by misappropriating funds entrusted to him incident to the practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows: On May 30, 2008, the respondent's operating account had a balance of $362.86. On June 2, 2008, the respondent deposited Gannon's check in the amount of $25,000 into his operating account, bringing the balance to $25,362.86. The respondent, as a fiduciary, was required to maintain at least the sum of $25,000 in the operating account on behalf of Schneider, unless and until directed to disburse sums on her behalf.
On June 2, 2008, check No. 1074, issued by the respondent, dated May 30, 2008, payable to the "Town of Southampton," in the amount of $2,888.48, cleared the operating account, bringing the balance to $22,474.38. Check No. 1074 was not related to the transaction involving Schneider. Thus, the balance in the operating account fell below the amount the respondent was required to maintain and preserve on behalf of Schneider.
On May 30, 2008, the respondent issued check No. 1077, payable to "Coruscant LLC," in the amount of $4,700, as directed by Schneider. Check No. 1077 cleared the operating account on June 3, 2008. After check No. 1077 cleared the account, the respondent was required to maintain at least the sum of $20,300 on behalf of Schneider. The balance in the operating account after check No. 1077 cleared was $17,739, which was below the amount the respondent was required to maintain on behalf of Schneider.
Between June 3, 2008, and June 24, 2008, 12 checks, totaling $12,337.14, issued by the respondent, cleared against the operating account. All 12 checks were issued for the respondent's own personal or business purposes. The 12 checks were not related to Schneider's transaction, nor were they issued at Schneider's direction or with her knowledge. The balance in the operating account on June 24, 2008, was $5,262.24, which was below the amount the respondent was required to maintain on behalf of Schneider.
Based on the respondent's admissions and the evidence adduced, we find that the Special Referee properly did not sustain charge three, but erred in failing to sustain charges one, two, and four.
The respondent's principal defense to the charges rested on the contention that he bore no fiduciary obligation to Schneider because the assistance he provided her was as a friend, not as her attorney. He argued that, as a consequence, he was not subject to the rules prohibiting commingling and misappropriation because he did not come into possession of Schneider's funds "incident to the practice of law." While the evidence showed that the respondent's prime motive in assisting Schneider was as a friend, the evidence also showed that the respondent negotiated a lease [*3]on Schneider's behalf, identified her as a "client" on a statement of charges, and used letterhead identifying himself as "Kevin J. Gilvary, Esq." when he wrote to Gannon asking for a loan on Schneider's behalf. We find that the evidence was sufficient to establish that Schneider was a client, albeit not the typical paying client. In any event, at the hearing, the respondent admitted that, in retrospect, he was a fiduciary with respect to Schneider's funds, although he did not think so at the time. He admitted that if he could do it over he would deposit the funds into a separate account. He admitted that the funds belonged to Schneider and that he did not have permission to use them at the time, yet he did use them.
We reject the respondent's contention that he was not subject to the prohibition against commingling and misappropriation, not only because Schneider was a client, but because "an attorney who is in the possession of funds belonging to another, incident to his [or her] practice of law, is a fiduciary" (Matter of Schneider, 131 AD3d 175, 182, citing Matter of Vagionis, 217 AD2d 175). Further, and more importantly:
"[T]he prohibition against misappropriation is not limited solely to client funds, but rather encompasses any funds or property belonging to another person' (Matter of Kirschenbaum, 29 AD3d 96, 99 [2006]; see NY City Bar Assn Comm on Prof Ethics Formal Op 1986-5, *1 [1986] [ the requirements . . . pertaining to the preservation, safekeeping and use of client funds . . . are applicable to escrowed funds held by a lawyer, although such funds are not literally funds of clients'])" (Matter of Schneider, 131 AD3d at 182).
That the respondent was unaware of his fiduciary obligations at the time does not render the rules inapplicable, as an attorney is "held to the knowledge of the rules governing attorney [special] accounts'" (Matter of Tedeschi, 123 AD3d 17, 20, quoting Matter of Koston Hui Feng, 78 AD3d 123, 127). Thus, the respondent's deposit of Schneider's funds into his operating account and subsequent personal use of those funds violated the rules against commingling and misappropriation.
The respondent has a prior disciplinary history, consisting of a public censure in 2012 (see Matter of Gilvary, 93 AD3d 148) and a Letter of Advisement in 2018.
In mitigation, the respondent asks the Court to consider the following circumstances: the events complained of occurred a decade ago; the invasions all took place during a single month; the respondent believed that money from other sources would soon be deposited into his account, and were deposited; the respondent's wife had suffered two serious accidents leaving her with significant physical injuries that resulted in the respondent shouldering many if not most of the childcare and household responsibilities, including caring for his wife; the misconduct occurred during a period of financial stress due to the respondent's wife's injuries which caused her to stop working as a lawyer, and the wife's failing business venture; the respondent has an excellent reputation as a hardworking and competent attorney; the respondent was involved in various pro bono and volunteer activities; the respondent is remorseful; the events are not likely to be repeated because "if faced with a similar situation now, [he] would undoubtedly recognize both his fiduciary duties and the need to deposit the funds of another into an escrow account"; and, lastly, Schneider suffered no harm as her expenses were timely paid for by the respondent.
In view of the substantial mitigating factors in this case, we conclude that a suspension from the practice of law for a period of six months is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to disaffirm the Special Referee's report is granted to the extent that charges one, two, and four are sustained, and the motion is otherwise denied; and it is further,
ORDERED that the respondent's cross motion to confirm the Special Referee's report is granted to the extent that charge three is not sustained, and the cross motion is otherwise denied; and it is further,
ORDERED that the respondent, Kevin James Gilvary, is suspended from the practice of law for a period of six months, commencing November 8, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 8, 2020. In such [*4]application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Kevin James Gilvary, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kevin James Gilvary, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kevin James Gilvary, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court