[37 NYS3d 351]

In the Matter of PAUL STEINBERG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 21, 2016

#### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated July 6, 2015, containing two charges of professional misconduct. After a pretrial conference held on October 16, 2015, and a hearing held on November 19, 2015, the Special Referee sustained all charges in a report dated January 25, 2016. The petitioner moves to confirm the report of the Special Referee and impose such discipline upon the respondent as this Court deems appropriate. Although served with the petitioner's motion on February 2, 2016, the respondent has not submitted any papers in opposition or in response.

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, and engaged in conduct that adversely reflects on his fitness to practice law, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about January 2012, the respondent was retained by Apostolos Voudouris, to represent him in the sale of a Subway sandwich franchise. On January 6, 2012, the respondent deposited two checks from the buyer totaling $23,000 into his escrow account at TD Bank, account number ending 4829, entitled "IOLA Paul Steinberg Esq." (hereinafter the escrow account), which he was required to hold in escrow until the sale was completed.

Prior to the closing, the balance in the respondent's escrow account fell below the $23,000 he was required to maintain, by virtue of two disbursements made in unrelated matters. On April 18, 2012, the respondent's escrow check No. 2393 in the sum of $20,000, issued to client Syed Mehboob, cleared the escrow account, reducing the balance therein to $19,418.46. On April 24, 2012, the respondent's escrow check No. 2394 in the

sum of $12,902, issued to his client Pedro Cruz, cleared the escrow account, further reducing the balance therein to $6,516.46.

After the Voudouris sale was completed, on or about May 18, 2012, the respondent issued two checks to Voudouris, without verifying whether there were sufficient funds on deposit in his escrow account. Both checks to Voudouris were dishonored. On May 23, 2012, the respondent deposited $23,000 in personal funds into his escrow account, and issued two replacement checks, which he personally delivered to Voudouris at his office in New Jersey. Both replacement checks to Voudouris cleared the escrow account on May 24, 2012.

Charge two alleges that the respondent failed to maintain the required bookkeeping records for his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). Specifically, the respondent failed to keep a ledger or similar record showing the source of all funds deposited in his escrow account, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

During the course of the hearing, the respondent admitted that there was a deficiency in the escrow account and that he did not keep records properly. The respondent claimed that the misappropriation of the Voudouris funds was the result of a duplicate payment to another client. However, as noted by the petitioner, the respondent never provided evidence to substantiate his claim.

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate sanction to impose, we find that the respondent failed in his obligations as a fiduciary by his misappropriation of client funds, issuance of checks without verification of available correlating funds on deposit, and failure to maintain a contemporaneous ledger and to review his records. In mitigation, there is no evidence that the respondent derived a personal benefit from his failures as a fiduciary, he reimbursed his client, expressed remorse, and has no disciplinary record.

Under the totality of circumstances, we find that the respondent's conduct warrants his suspension from the practice of

law for a period of six months (see *Matter of Covert*, 86 AD3d 137 [2011]).

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the motion by the petitioner to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul Steinberg, is suspended from the practice of law for a period of six months, commencing October 21, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 21, 2017. In such application, the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Paul Steinberg, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Paul Steinberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).