Matter of Aizin (2019 NY Slip Op 06490)





Matter of Aizin


2019 NY Slip Op 06490


Decided on September 11, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-10682

[*1]In the Matter of Michael Aizin, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Michael Aizin, respondent. (Attorney Registration No. 2026540)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee served and filed a notice of petition and a verified petition, both dated March 14, 2018, and the respondent served and filed a verified answer dated April 2, 2018. Subsequently, the parties filed a joint stipulation of disputed and undisputed facts. By decision and order on application of this Court dated August 28, 2018, the issues raised were referred to Roger Bennet Adler, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 26, 1986.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Richard M. Maltz, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated March 14, 2018, containing two charges of professional misconduct. By virtue of a joint stipulation of disputed and undisputed facts filed in July 2018, the respondent admitted all of the factual specifications of the petition, as amended. After a preliminary conference on September 17, 2018, and a hearing on October 25, 2018, the Special Referee submitted a report dated December 31, 2018, in which he sustained all charges. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation of counsel in response dated February 21, 2019, together with a memorandum of law, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court issue a private sanction or, in the alternative, a public censure.
The Petition
Charge one alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times relevant herein, the respondent maintained an attorney escrow account at JPMorgan Chase Bank, with an account number ending in 9272 (hereinafter the escrow account).
On July 15, 2016, the balance in the respondent's escrow account was $127,958.99. On July 18, 2016, two wire transfers totaling $125,000 were deposited into the escrow account on behalf of his clients Valentin Avanessov, M.D., and Eduard Slinin, in connection with a transaction with Energy Realty Corp. of New Jersey (hereinafter Energy Realty). On the same date, the respondent disbursed $171,220 from the escrow account, as follows: (1) $75,000 by transfer to his operating account at JPMorgan Chase Bank, with an account number ending in 7965 (hereinafter the operating account); (2) $75,000 by check number 5288 to his wife, Bella Aizin; and (3) $21,220 by check number 5302 for the Avanessov and Slinin transaction. All of the foregoing transactions cleared the respondent's escrow account on July 18, 2016, resulting in an account balance of $81,738.99.
Two days later, on July 20, 2016, check number 5301, which was issued to Energy Realty in connection with the Avanessov and Slinin transaction in the sum of $100,000, was presented for payment and was dishonored due to insufficient funds.
Charge two alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On October 26, 2012, and December 5, 2013, retainer fees of $10,000 and $8,320, respectively, were wired into the respondent's operating account by a client. Between February 11, 2014, and June 19, 2014, the respondent withdrew $17,500 of those fees from his escrow account, as follows:
Date Check No. Amount
2/11/14 4889 $3,500
2/26/14 4892 $5,000
4/2/14 4914 $6,250
6/19/14 4970 $2,750
All four escrow checks cleared against other fiduciary funds being held in the escrow account, resulting in a $17,500 deficiency. This escrow account deficiency remained until in or about July 2016.
The Hearing Evidence
As to charge one, the respondent testified that the shortage in the escrow account was created by his fee disbursement errors. The respondent explained that on July 18, 2016, he intended to transfer a $7,500 fee from his escrow account to his operating account; however, he transferred $75,000. That same day, he issued a check from his escrow account for $75,000 made payable to his wife, which he deposited into a joint bank account. The respondent maintained that he thought he was issuing a $7,500 check to his wife from his operating account. As a result of these disbursements, rather than removing $7,500 from the escrow account, the respondent disbursed $150,000 from the escrow account. The respondent explained that at this time, he was faced with pressing work commitments and a personal emergency involving his mother, who was gravely ill. He suggested that such circumstances, as well as the similar color of the checks used for escrow account and operating account, may have contributed to his disbursement errors.
The respondent further testified that two days later, on July 20, 2016, he was informed by Mark Dikker, the principal of Energy Realty, that check number 5301 for $100,000 had been dishonored. After reviewing his escrow account, the respondent learned of his $150,000 disbursement error. On July 21, 2016, the respondent transferred $75,000 from the operating account to the escrow account. On July 22, 2016, the respondent wired $100,000 from the escrow account to Energy Realty. The respondent restored the remaining $75,000 on July 25, 2016.
Concerning charge two, a $17,500 escrow account shortage occurred when the respondent disbursed fees in 2014 without having correlating funds on deposit in the account. Specifically, one of the respondent's clients wired retainer fees on October 26, 2012, and December 5, 2013, in the sums of $10,000 and $8,320, respectively, to the respondent's operating account. The respondent claims that these retainer deposits were supposed to have been wired into his escrow account, and that he was unaware that they had been deposited into the operating account. Accordingly, when the respondent made the four fee disbursements for this client in 2014 from the escrow account, he misappropriated $17,500 from other fiduciary funds on deposit in the account.
The escrow account deficiency was not discovered by the respondent until early July 2016. At that time, the respondent attempted to issue himself a fee check in connection with another client matter, but he noticed that he did not have sufficient funds to do so, as there was a $17,500 shortfall in the escrow account. Although the respondent did not ascertain the cause of the shortfall, [*2]he restored $17,500 to the escrow account. Later, after the petitioner commenced an investigation in relation to the dishonored check to Energy Realty, the respondent retained an accountant to review his records. The respondent then learned that the subject retainer fees had been wired to his operating account, but he had removed those fees from the escrow account.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In this case, the respondent misappropriated fiduciary funds while removing his fees from the escrow account. In one instance, in July 2016, the respondent transferred funds to his operating account and issued a check in the wrong amount. However, it is noted that approximately one week later, he restored those funds to the escrow account. In the second instance, in late October 2012 and early December 2013, the respondent received wire deposits from a client, but he failed to detect that the deposits had been wired to the wrong account. He also failed to ensure that those funds were on deposit at the time he made the four fee disbursements from the escrow account in 2014. Since he did not have correlating funds on deposit, the four fee disbursements resulted in an account deficiency, which shortfall went undetected by the respondent for approximately two years. A reasonably prudent fiduciary regularly reconciles their escrow records with the bank statements. An attorney who simply views an account balance without reconciling the attorney's records with the bank statements puts client funds in the escrow account at risk should the attorney's calculations be inaccurate or other errors in the account be present. Here, the respondent failed to properly reconcile his escrow account, which resulted in his failure to detect the errant deposits and the continued account deficiency for an extended period of time.
In determining an appropriate measure of discipline, the respondent requests that the Court issue a private sanction or, in the alternative, a public censure, in view of the mitigation presented, including his admission of wrongdoing; his expressed remorse; his acceptance of responsibility; the remedial efforts he has now implemented; the absence of harm to the client; the evidence of the respondent's good character and charitable works; and his unblemished disciplinary history. Notwithstanding the mitigation advanced, we find that the respondent failed to honor his obligations as a fiduciary, which resulted in the misappropriation of fiduciary funds and an escrow account deficiency for an extended period of time.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Steinberg, 143 AD3d 138).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Michael Aizin, is suspended from the practice of law for a period of six months, commencing October 11, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 11, 2020. In such application (see 22 NYCRR 691.11, 1240.16) , the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Michael Aizin, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Michael Aizin, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) [*3]appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Aizin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court