Matter of Rosenthal (2021 NY Slip Op 00567)





Matter of Rosenthal


2021 NY Slip Op 00567


Decided on February 3, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2019-06192

[*1]In the Matter of Edward Michael Rosenthal, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Edward Michael Rosenthal, respondent. (Attorney Registration No. 2157535)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition and a verified petition both dated May 16, 2019. The respondent served and filed a verified answer dated May 29, 2019. Subsequently, the Grievance Committee and the respondent submitted a statement of disputed and undisputed facts on June 4, 2019, and June 21, 2019, respectively. By decision and order on application of this Court dated July 31, 2019, the matter was referred to Norma Giffords, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 9, 1987.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated May 16, 2019, containing five charges of professional misconduct. Following a prehearing conference held on September 25, 2019, and a hearing conducted on November 26, 2019, the Special Referee filed a report dated January 2, 2020, in which she sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In an affirmation in response, the respondent's counsel states that the respondent joins in the motion to confirm the Special Referee's report, and requests, in view of the mitigating circumstances presented, that the Court impose a private admonition or a sanction no greater than a public censure.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about October 2016, the respondent maintained a trust account incident to his practice of law at Capital One, entitled "Rosenthal Curry & Kranz LLP IOLA Attorney Escrow Account," account number ending in 2392 (hereinafter the IOLA account). The respondent was the sole signatory on the IOLA account. As of October 1, 2016, the respondent was required to maintain [*2]no less than $208,238.59 in the IOLA account, comprised of funds entrusted to him in connection with the following 15 client matters:
Matter Amount
Chegeo $74,540.00
Patel $ 4,000.00
Plainview Builders (Hernandez) $ 1,300.00
Casteluccio Estate $ 2,715.00
Cohen/Santiago $ 5 ,000.00
Plainview Builders (Clement) $10,000.00
Levine/Kaufman $ 7,500.00
Espinosa $15,000.00
Shrager $ 7,500.00
Plainview Builders (Industry) $38,950.00
Scipione $10,000.00
Giametto $17,299.00
O'Sullivan $10,000.00
36 Spruce $ 100.00
Marcelo $ 4,334.59
On or about October 1, 2016, the account balance on deposit in the IOLA account was $158,438.93, which was $49,799.66 below the amount the respondent was required to maintain.
Charge two alleges that the respondent failed to make accurate entries of all financial transactions related to his IOLA account in his ledger books or similar records for the above-mentioned matters, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The Grievance Committee requested that the respondent explain the deficiencies identified in the IOLA account as of October 1, 2016. Although the respondent was provided with opportunities to review his banking and bookkeeping records, he could not identify the source or cause of the IOLA account deficiency.
Charge three alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about October 2016, the respondent represented James Terrano, the seller in a real estate transaction. On October 13, 2016, the balance in the respondent's IOLA account was $1,005,509.23, representing funds entrusted to him as a fiduciary in connection with other client matters. Between October 28, 2016, and November 29, 2016, the respondent disbursed $44,000 from the IOLA account in connection with the Terrano matter, resulting in a $1,050 overdisbursement. The $1,050 overdisbursement cleared against other client funds the respondent was holding in the IOLA account.
Charge four alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to the practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about December 2016, the respondent represented Manesh Chandra, the seller in a real estate transaction. On December 15, 2016, the balance in the respondent's IOLA account was $857,615.55, representing funds the respondent was holding as a fiduciary in connection with other client matters. On December 16, 2016, the respondent deposited $27,000 into the IOLA account, representing funds he received for the Chandra matter. Between December 19, 2016, and February 22, 2017, the respondent disbursed $27,500 from the IOLA account for the Chandra matter, resulting in a $500 overdisbursement. The disbursements against the Chandra funds included check #5888 payable to the respondent's law firm in the amount of $1,500, which was $500 more than the respondent's firm was entitled to receive. The $500 overdisbursement cleared against other client funds the respondent was holding in the IOLA account.
Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on all of the above-mentioned factual allegations.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.
We find that the respondent failed to properly maintain his IOLA account records and to regularly reconcile the IOLA account, which resulted in the misappropriation of fiduciary funds. In determining an appropriate measure of discipline to impose, we have considered, in mitigation, the unintentional nature of the misappropriation, which occurred during a period when the respondent experienced personal difficulties; his admission of wrongdoing and expressed remorse; the remedial efforts he has now implemented, including depositing sufficient funds in the IOLA account so that no client suffered a financial loss and instituting improved bank and bookkeeping practices; the evidence of the respondent's good character and charitable works; and his unblemished disciplinary history.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Aizin, 177 AD3d 51).
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and AUSTIN JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Edward Michael Rosenthal, is suspended from the practice of law for a period of six months, commencing March 3, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 3, 2021. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Edward Michael Rosenthal, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Edward Michael Rosenthal, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edward Michael Rosenthal, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court