Matter of Vernon (2021 NY Slip Op 04610)





Matter of Vernon


2021 NY Slip Op 04610


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2019-06380

[*1]In the Matter of Donald P. Vernon, admitted as Donald Patrick Vernon, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts, petitioner; Donald P. Vernon, respondent. (Attorney Registration No. 2763464)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee served and filed a notice of petition and a verified petition, both dated January 29, 2020, and the respondent served and filed a verified answer dated March 2, 2020. Subsequently, on May 7, 2020, the Grievance Committee and the respondent filed a joint stipulation of disputed and undisputed facts. By decision and order on application dated June 23, 2020, the issues raised were referred to David I. Ferber, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 27, 1996, under the name Donald Patrick Vernon.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Tesser, Ryan & Rochman, LLP, White Plains, NY (Louis F. Tesser of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 29, 2020, containing five charges of professional misconduct. By virtue of his verified answer, dated March 2, 2020, the respondent admitted the factual specifications underlying the charges and requested the matter be referred to a Special Referee for a hearing on mitigation. After a hearing on September 9, 2020, the Special Referee submitted a report dated October 9, 2020, in which he sustained all charges. The Grievance Committee now moves for an order confirming the Special Referee's report and imposing such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response, together with a memorandum of law, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court, in view of the mitigating circumstances presented, impose an Admonition.
The Petition
Charge one of the petition alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: At all times hereinafter mentioned, [*2]the respondent maintained an attorney escrow account at Bank of America, entitled "Vernon & Associates PC CUS Escrow Account," account number ending in 0445 (hereinafter the escrow account). On or about November 18, 2016, the respondent, as attorney for the seller of real property in Queens, received a down payment from the purchaser's attorney in the amount of $5,000. On or about December 1, 2016, after the sale was cancelled, the respondent issued a check drawn on the escrow account to the purchaser, George Tait, in the amount of $5,000, representing the return of the down payment. As the respondent had previously failed to deposit the down payment into the escrow account, the check cleared against other client funds on deposit in the account.
Charge two alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent represented Ervine Thompson in a matrimonial matter and in the sale of the marital residence in Queens. The respondent received a $10,000 down payment from the purchaser of the marital residence, and on or about March 26, 2016, the respondent deposited those funds into the escrow account. Following the closing of title to the property on May 31, 2016, the respondent, pursuant to an escrow agreement executed the same day, was required to maintain the down payment in the escrow account until the Supreme Court, Queens County, ordered that the funds be distributed. Nevertheless, by April 27, 2017, the balance in the escrow account had been reduced to $3,387.57, less than the amount of funds the respondent was required to maintain pursuant to the escrow agreement.
Thereafter, in or about October 2017, the Supreme Court, Queens County, ordered that the down payment be distributed. Pursuant to that order, on or about October 2, 2017, the respondent issued escrow check number 1482 to Thompson in the amount of $10,000. On or about October 4, 2017, when that check was presented for payment, it was dishonored due to insufficient funds being on deposit in the escrow account.
Charge three alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or about June 6, 2016, the respondent, as attorney for the seller of real property in the Bronx, issued three checks from the escrow account, as follows: check number 1448 in the amount of $1,827.47, payable to the purchaser; check number 1449 in the amount of $500, payable to an employee of the title company; and check number 1450 in the amount of $350, payable to the title company. However, at the time the respondent disbursed those checks no funds correlating to this transaction were on deposit in the escrow account, and therefore when those checks cleared the escrow account they did so against other client funds on deposit.
Charge four alleges that the respondent failed to maintain client funds in an attorney escrow account, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about June 2018, the respondent received three checks, totaling $83,182, constituting settlement funds for three client matters. Thereafter, between June 1, 2018, and June 22, 2018, the three settlement checks were deposited into the respondent's operating account maintained at Bank of America, account number ending in 7204 (hereinafter the operating account).
Charge five alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent failed to consistently and contemporaneously record his receipt of escrow funds, his deposit of escrow funds into the escrow account, and his withdrawal of escrow funds from the escrow account.
Hearing Evidence
As to charges one and two, the respondent testified that, as the attorney for the seller of real property, he received a check for the down payment from Tait, the potential buyer, in the amount of $5,000, but thereafter failed to deposit the check into the escrow account. After the transaction was cancelled, Tait demanded a refund of his down payment. The respondent, unaware that he had failed to deposit the check into the escrow account, disbursed a check to Tait from the escrow account in the amount of $5,000.
In regards to charge three, the respondent testified that in or about January 2016, as part of a real estate transaction, he received a check in the amount of $10,000 representing a down payment, but failed to deposit the funds into the escrow account. The respondent testified that although he realized that the funds correlating to the matter were not on deposit in the escrow [*3]account at the time of the closing, he nonetheless disbursed three checks drawn on the escrow account and requested that the payees delay presenting the checks for payment. The payees did not delay in presenting the checks for payment.
As to charge four, relating to his deposit of escrow funds into the operating account, the respondent averred that his office manager mistakenly deposited those checks into the operating account, and that when the respondent became aware of the error the following evening, he promptly returned the funds to the escrow account. In regards to charge five, the respondent testified that he made "conscious mistakes" in the bookkeeping practices of the escrow account.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue an Admonition in view of the mitigation presented, including, inter alia, the respondent's remorse, his lack of venality, his cooperation with the Grievance Committee's investigation, the remedial measures taken, his acceptance of responsibility for his conduct, his lack of prior disciplinary history, and the evidence of civic activity.
Notwithstanding the mitigation advanced, we find that the respondent breached his fiduciary duties by failing to maintain proper bookkeeping records and by failing to regularly reconcile the escrow account. These failures, in concert with his pattern of failing to promptly deposit fiduciary funds upon receipt, caused funds he held incident to his practice of law to be misappropriated and remain so, undetected, for significant periods of time. In one such matter, the respondent erroneously disbursed $5,000 when no correlating funds were on deposit in the escrow account, which subsequently went undetected for close to one year. In another matter, the respondent issued checks drawn on the escrow account knowing the correlating funds were not on deposit. It is of no consequence that the respondent instructed the intended payees to delay presentment of those checks. The moment an attorney disburses funds from an escrow account knowing correlating monies are not on deposit they have committed professional misconduct, as doing so places the client matter the funds were disbursed on behalf of, as well as any unrelated fiduciary funds on deposit in the account, at great risk. Finally, we find that the respondent's failure to reimburse his client for a period of seven months following the dishonored check is an aggravating factor.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Rosenthal, 192 AD3d 244; Matter of Steinberg, 143 AD3d 138).
LASALLE, P.J., MASTRO, RIVERA, DILLON, and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Donald P. Vernon, admitted as Donald Patrick Vernon, is suspended from the practice of law for a period of six months, commencing September 6, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 4, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Donald P. Vernon, admitted as Donald Patrick Vernon, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Donald P. Vernon, admitted as Donald Patrick Vernon, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, [*4]clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Donald P. Vernon, admitted as Donald Patrick Vernon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court