Matter of Fitzgerald (2023 NY Slip Op 03233)

Matter of Fitzgerald

2023 NY Slip Op 03233

Decided on June 14, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.

2021-02151

[*1]In the Matter of Kevin J. Fitzgerald, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kevin J. Fitzgerald, respondent. (Attorney Registration No. 2155323)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition, both dated March 12, 2021, and the respondent served and filed a verified answer dated April 22, 2021. By decision and order on application dated June 24, 2021, this Court referred the matter to the Honorable Charles J. Thomas, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 13, 1988.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated March 12, 2021, containing five charges of professional misconduct. The respondent served and filed a verified answer dated April 22, 2021, denying the allegations in charge one, but admitting charges two through five. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated April 29, 2021, which was not challenged by the respondent. By decision and order on application dated June 24, 2021, this Court referred the matter to the Honorable Charles J. Thomas, as Special Referee, to hear and report. A prehearing conference was held on August 9, 2021, and a hearing was conducted on September 29, 2021. In a report dated February 9, 2022, the Special Referee sustained all five charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves, inter alia, for an order denying the relief sought in the Grievance Committee's motion to confirm the report of the Special Referee, to reopen the record and refer this matter back to the Special Referee for further proceedings, or, in the alternative, to refer this matter to the Grievance Committee for the imposition of private discipline. By affirmation dated April 20, 2022, the Grievance Committee opposes the cross-motion.
The Petition and Hearing Record
The verified petition contains five charges of professional misconduct. Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR [*2]1200.0).
The verified petition alleges that, at all times relevant herein, the respondent maintained an attorney trust account at JP Morgan Chase, titled "KEVIN J. FITZGERALD IOLA TRUST ACCOUNT, ESCROW ACCOUNT." He was the sole signatory on the account. Between November 1, 2017, and May 2018, the respondent's escrow account balance had a consistent deficiency of approximately $7,000. On November 1, 2017, the respondent's escrow account balance was $184,046.96 when it should have been at least $191,155.39, a $7,108.43 deficit. On December 21, 2017, the respondent's escrow account balance was $204,207.37, when it should have been at least $211,258.25, a $7,050.88 deficit. On January 26, 2018, the respondent's escrow account balance was $473,442.10 when it should have been at least $480,493.10, a $7,051 deficit. The same deficit in the escrow account carried over to February and March 2018. On April 25, 2018, the respondent disbursed $916.19 for the "Loizos to Melfi" matter when he was only holding $787.71 in his escrow account for that matter, a $128.48 overdisbursement. On the same date, the respondent's escrow account balance was $15,145.52, when it should have been at least $22,325, a $7,179.48 deficit.
The hearing record shows that on April 23, 2018, the respondent's escrow account
balance was $16,061.71. Nevertheless, he issued check number 1569 for $22,000 to 21st Mortgage Corp. in connection with a foreclosure matter titled Wells Fargo v Taab. The funds for this disbursement were deposited into the respondent's escrow account on September 27, 2017. The respondent testified that he was a referee in Suffolk County for real estate foreclosure actions and those funds appear to be in receipt pursuant to that role. On May 4, 2018, when check number 1569 for $22,000 was presented, the balance in the escrow account was $15,145.52, and the check was dishonored.
The verified petition further charges that: the respondent failed to make accurate entries of all financial transactions related to his escrow account in his ledger books or similar records, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (charge two); the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to reconcile his escrow account, and even when given the opportunity to do so, was unable to explain the deficiencies in his escrow account, in violation of rule 8.4(h) of the Rules of Professional Conduct (charge three); the respondent failed to properly title his attorney escrow account, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct (charge four); and the respondent engaged in conduct adversely reflecting on his fitness as a lawyer based on the misconduct alleged above, in violation of rule 8.4(h) of the Rules of Professional Conduct (charge five).
The respondent's verified answer denied the factual and legal allegations in charge one, but admitted that "the escrow account was overdrawn and reconciled incorrectly" and averred "that the bookkeeping mistake was immediately rectified." The respondent admitted charges two through five, including that he was unable to explain the deficiencies in his escrow account.
At the prehearing conference held on August 9, 2021, the respondent indicated that
he would be submitting character letters in mitigation and asked for additional time to do so, which was granted. At the hearing, other than his own testimony, the respondent did not submit any other evidence or character letters.
The record reveals that during the Grievance Committee's investigation, the respondent produced to the Grievance Committee what purportedly was his ledger by client matter which contained a significant amount of inaccurate and missing information concerning the financial transactions for the clients. Although the respondent claimed that he had reconciled his escrow account, he was still unable to explain his escrow account shortfalls after looking back at three years of records.
In his cross-motion, the respondent moves, inter alia, to reopen the record and refer this matter back to the Special Referee for further proceedings so he can submit character evidence. Should the Court deny that branch of his motion, the respondent requests that the Court consider the character letters attached to his cross-motion. The respondent submits that if the Court declines to reopen the hearing, private discipline is nonetheless warranted because he took immediate action to cover the escrow shortfall, there was no intentional act on his part, no client or third party was harmed, he has a contributing medical condition, there is an absence of prior discipline, he expressed remorse and accepted responsibility for his acts, and because of the remedial measures that were implemented and the character evidence presented.
The Grievance Committee opposes the respondent's cross-motion and submits that
when the respondent raised the issue that a medical condition may have caused him to be distracted with his escrow account, he was advised by the Grievance Committee during his first examination under oath in November 2019 that the Grievance Committee would consider any mitigation he submitted to explain his misconduct. At the prehearing conference, the respondent was given time to obtain character evidence. The Grievance Committee argues that the respondent cannot now claim that he "did not appreciate the need to present evidence in mitigation of the charges" when he made a knowing choice, which he now regrets, about how he wished to proceed with this disciplinary proceeding. The Grievance Committee argues that the respondent participated in the disciplinary investigation for more than three years, and his purported failure to appreciate the seriousness of the disciplinary process is not sufficient cause to reopen the record.
Findings and Conclusion
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross-motion is granted only to the extent that the character letters attached to the cross-motion are deemed admitted in the record, and the cross-motion is otherwise denied.
In determining an appropriate measure of discipline, we have considered in mitigation that, inter alia, there is no evidence of venal intent, that the respondent immediately cured the shortfall and took remedial measures concerning the management of his escrow account, and that he was experiencing personal medical problems during the relevant time period. In aggravation, contrary to the respondent's assertion that he had been practicing law for more than 30 years "without any grievances," he was issued a Letter of Caution in 2016. The record also indicates that after an escrow check was dishonored and well into the Grievance Committee's investigation, the respondent still failed to meaningfully reconcile his escrow account, as evidenced by his failure to sufficiently explain the transactions and balances in his escrow account at his second examination under oath on August 11, 2020. The respondent admitted that he had mistakenly believed that because he admitted his wrongdoing and immediately cured the deficiency in his escrow account with his own funds that "that was enough." An attorney who is entrusted with client or third-party funds is a fiduciary, with the attendant obligation to ensure that all escrow funds are promptly and properly disbursed. When a deficiency in an attorney's escrow account occurs, the attorney has a continuous duty to resolve whose funds were misappropriated causing the deficiency, even after the deficiency is replenished. While the attorney has the prerogative to determine how much resources he or she wishes to expend to fully reconcile his or her escrow account, he or she cannot forgo that duty to resolve the cause of the account deficiency, and then claim that there is no client or third-party harm. The mere fact that there is no client or third-party complaint does not equate to a lack of harm, as the client or the third party may not know that he or she is owed funds.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Rosenthal, 192 AD3d 244).
DILLON, J.P., DUFFY, BARROS, CONNOLLY and WOOTEN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent's cross-motion is granted to the extent that the character letters attached to the cross-motion are deemed admitted in the record, and the cross-motion is otherwise denied; and it is further,
ORDERED that the respondent, Kevin J. Fitzgerald, is suspended from the practice of law for a period of six months, commencing July 14, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 14, 2023. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kevin J. Fitzgerald, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kevin J. Fitzgerald, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court