Matter of Afra (2023 NY Slip Op 04454)

Matter of Afra

2023 NY Slip Op 04454

Decided on August 30, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-08852

[*1]In the Matter of Sam Afra, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Sam Afra, respondent. (Attorney Registration No. 4296711)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition, both dated September 15, 2021, and the respondent served and filed a verified answer dated October 5, 2021. By decision and order on application dated December 2, 2021, this Court referred the matter to the Honorable Peter B. Skelos, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 3, 2006.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated September 15, 2021, containing four charges of professional misconduct. The respondent served and filed a verified answer dated October 5, 2021, wherein he denied certain allegations in the petition. By stipulation of the parties dated February 17, 2022, the petition was amended and the respondent admitted to all of the allegations as set forth in the petition as amended. The Grievance Committee served and filed a statement of disputed and undisputed facts dated October 18, 2021, with which the respondent concurred in all respects. By decision and order on application dated December 2, 2021, this Court referred the matter to the Honorable Peter B. Skelos, as Special Referee, to hear and report. A prehearing conference was held on January 7, 2022, and a hearing was conducted on February 22, [*2]2022, and March 1, 2022. In a report dated July 21, 2022, the Special Referee sustained all four charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In his affirmation in response, the respondent does not offer a position on the Grievance Committee's motion, but submits only that a public censure is the appropriate sanction. In view of the admissions by the respondent and the evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges.
The Petition
The petition contains four charges of escrow-related misconduct. The respondent maintained an attorney trust account at Signature Bank entitled "PLAZA LEGAL SERVICES PLLC IOLA ATTORNEYS AT LAW ATTORNEY SPECIAL ACCOUNT" (hereinafter the escrow account), on which he was the sole signatory. Charges one through three allege that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge one alleges that, on May 31, 2019, $616,957 was deposited into the escrow account in connection with a loan for the benefit of Erica Murillo. On June 3, 2019, and June 4, 2019, disbursements totaling $594,450 were made against the escrow account in connection with the Murillo matter. These disbursements reduced the amount on deposit for the Murillo matter to $22,507.90, of which $22,254.08 represented fiduciary funds and $253.82 represented part of the respondent's earned legal fee. On June 4, 2019, the respondent was required to have maintained $22,254.08 on deposit in the escrow account in connection with the Murillo matter. However, the closing balance on this date was $18,443.88. On June 5, 2019, three checks totaling $20,337.73 were paid against the escrow account in connection with the Murillo matter. Between June 5, 2019, and June 10, 2019, the respondent was required to maintain $1,916.35 on deposit in the escrow account with regard to this matter. However, on June 5, 2019, the closing balance in the escrow account was -$2,476.42, and on June 10, 2019, the balance was $1,220.17.
Charge two alleges that on June 12, 2019, $387,795.44 was deposited into the escrow account in connection with a loan for the benefit of Christina Dibona. On June 12, 2019, and June 13, 2019, disbursements totaling $383,905.44 were made from the escrow account in connection with the Dibona matter, reducing the amount on deposit for this matter to $3,890, of which $2,940 represented fiduciary funds and $950 represented the respondent's earned legal fee. Between June 14, 2019, and June 19, 2019, the respondent was required to maintain $2,940 on deposit in the escrow account for the Dibona matter. However, on June 18, 2019, the balance in the escrow account was -$3,856.18.
Charge three alleges that, between May 31, 2019, and July 1, 2019, the respondent deposited funds into the escrow account that were entrusted to him as a fiduciary incident to the practice of law. Between June 4, 2019, and June 18, 2019, two disbursements were paid against the escrow account as follows: (1) on June 4, 2019, a disbursement of $1,222.93 to IPFS of NY was paid for an operating expense for the respondent's law practice; and (2) on June 18, 2019, a disbursement of $1,828.16 to "MLS/Libor" was paid for a business expense for the respondent. These disbursements were paid, at least in part, against funds entrusted to the respondent as a fiduciary incident to the practice of law.
Charge four alleges that, based on the conduct set forth in the preceding three charges, the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing Evidence
According to the respondent's testimony at an examination under oath and at the hearing, he established the law firm Plaza Legal Services, PLLC (hereinafter Plaza), in 2014 to [*3]represent banks in real estate closings. Plaza was retained by Silverstone Equities, LLC (hereinafter Silverstone), a mortgage bank licensed in Florida, from Silverstone's inception, to assist Silverstone in several ongoing matters, including bank closings, applying to other states for additional banking licenses, workers' compensation issues, and contractual and investor disputes. The respondent became involved with Silverstone in the hopes that the relationship would help "grow" his business and get it "off the ground."
The escrow account bank statement for June 2019 indicates that the balance fell to a negative amount on a total of four dates: (1) on June 5, 2019, the balance was -$2,476.42; (2) on June 11, 2019, the balance was -$696.18; (3) on June 18, 2019, the balance was -$3,856.18; and (4) on June 20, 2019, the balance was -$624.34. The respondent explained that, on June 1, 2019, Plaza requested that Silverstone send three payments for certain upcoming obligations that Plaza planned to pay on Silverstone's behalf. The respondent asserted that he confirmed via telephone with Silverstone that these three payments had been sent, but one of them, for $4,000, was not received until July 1, 2019. Without first verifying the deposit of this $4,000 into the escrow account, the respondent made all of the planned payments on Silverstone's behalf, which, according to the respondent, caused the initial negative balance and set off a "chain reaction" that led to a dishonored check.
Notwithstanding the respondent's explanation, the bank records reflect that the initial negative balance on June 5, 2019, was caused by three withdrawals of the Murillo funds that were unrelated to the Murillo matter. The first two, on June 4, 2019, were automated withdrawals of $1,222.93 to IPFS of NY for Plaza's errors and omissions insurance, and $3,791.14 for a bank payment related to Silverstone. The third was a payment of $582.52 to Capital One Auto Finance, also on behalf of Silverstone.
In his November 20, 2019 letter to the Grievance Committee, the respondent attributed the second negative balance in the escrow account, on June 11, 2019, to Silverstone's same late payment that caused the initial negative balance, as well as to a disputed amount with another mortgage bank associated with the Murillo transaction, which caused Plaza to reimburse the bank in error. The records, however, indicate that the disputed amount between Plaza and the mortgage bank was related to the respondent's legal fees only and therefore should not have caused a deficit in client funds. The second negative balance was brought to a positive number upon the deposit of funds related to the Dibona matter, which were therefore immediately partially depleted upon deposit.
The third negative balance in the escrow account, on June 18, 2019, was caused by the respondent making an $8,000 payment on behalf of Silverstone without corresponding funds on deposit from Silverstone. The final negative balance was caused in part by the respondent's payment of a personal expense, to the Long Island Board of Realtors, from the escrow account.
The respondent further testified at his examination under oath that he failed to remove his legal fees from the escrow account with regard to at least three matters, including the Murillo matter.
The respondent admitted that he was wrong in failing to verify the escrow account balance prior to disbursing certain funds, in paying personal or business expenses from the escrow account, and in failing to remove his legal fees from the escrow account. He further asserted that no clients were financially harmed due to his mistakes with regard to the Murillo and Dibona matters. Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, the Court took into consideration the respondent's personal hardships in going through a divorce during June 2019, the same month that his father was diagnosed with health problems, which caused the respondent to become his father's live-in caretaker. The Court has further considered the respondent's remedial measures, including hiring a certified public accountant and discontinuing his representation of banks, his acceptance of responsibility, his remorse, the lack of evidence of client harm, and the character evidence adduced.
In aggravation, the Court has considered the respondent's disbursement of funds on several occasions without first verifying that corresponding funds were on deposit, the respondent's four negative escrow account balances in the span of one month, the payment of personal and business expenses from the escrow account, and that the respondent arranged for automated withdrawals from the escrow account. The Court has also considered that the respondent received a Letter of Caution in 2016.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Vernon, 198 AD3d 77).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Sam Afra, is suspended from the practice of law for a period of six months, commencing September 29, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 29, 2024. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sam Afra, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sam Afra, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court